RECEIVED
OCT 3 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **JAMERSON WILLIAMS** | **CIVIL ACTION NO. 05-0404** |
| **VS.** | **JUDGE MELANÇON** |
| **M-I, LLC**<br>**d/b/a M-I SWACO** | **MAGISTRATE JUDGE METHVIN** |

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This diversity case was filed directly in federal court, under 28 U.S.C. § 1332. A review of the complaint, however, shows that the plaintiff's allegations with respect to the jurisdictional amount are insufficient.

Plaintiff alleges as follows: That he was injured in an on-the-job accident when he was assisting defendant's employees in hooking up hoses and pumping calcium bromide; the flexible line that was being used came out of a hatch and soaked plaintiff with the caustic fluid; defendant's employees failed to turn off the pumps, forcing plaintiff to jump off of the top of the tank onto the lower level, causing plaintiff to suffer injuries to his lower extremities. Plaintiff fails to describe his injuries, or provide further details regarding his damage claims.

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir.1998). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). To justify

dismissal in a case in which the plaintiff claims a determinate amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303 U.S. at 289, 58 S.Ct. at 590. However, bare allegations of jurisdictional facts are insufficient to establish federal court jurisdiction. St. Paul Reinsurance, *supra*, 134 F.3d at 1253, *citing*, Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).[1]

The legal certainty test is inapplicable where the plaintiff does not allege a determinate amount of damages. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253. Instead, the burden then becomes a preponderance of the evidence for the party seeking to invoke the court's jurisdiction. Id. The party seeking to invoke jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Id.

In the case at bar, plaintiff has not adequately claimed a determinate amount. Further, plaintiff has failed to support his assertion that the amount in controversy exceeds the jurisdictional requirement.

**IT IS THEREFORE ORDERED** that on or before **November 21, 2005**, plaintiff shall file a memorandum setting forth specific facts in controversy which support a finding that the

---

[1] Asociacion was a removed case in which the petition stated in a conclusory fashion that the matter in controversy met the jurisdictional amount. The Fifth Circuit has held that case law in removed cases regarding § 1332's jurisdictional amount requirement is "instructive" in analyzing similar issues in diversity cases filed directly in federal court. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253 (5th Cir.1998).

jurisdictional amount exists.[2] A copy of the memorandum shall be provided to the undersigned and opposing counsel.

Defendant will be allowed ten days to reply to plaintiff's arguments.

Signed at Lafayette, Louisiana on _October 28_, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140    FAX 593-5155

COPY SENT
DATE 10-31-05
BY mes
TO MEM
CG

---

[2] Relevant jurisdictional facts which should be included in the response to this Order include the following: (1) a description of the nature and severity of plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended; (3) whether the plaintiff underwent surgery, and the nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred; (6) citations to caselaw involving similar facts which reflect verdicts in the amount of $75,000.00 or more.