RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12/19/05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Jamerson Williams | Civil Action No. 05-0404 |
| versus | Judge Tucker L. Melançon |
| M-I SWACO | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a Motion For Summary Judgment On Liability filed by plaintiff, Jamerson Williams, against defendant, M-I SWACO d/b/a SWACO L.L.C. [Rec. Doc. 7].

This action arises from an October 30, 2004 incident in which plaintiff, an employee of Trussco, Inc., was hired by Oil Mop to clean an oil spill on a boat at the Venice, Louisiana dock of M-I SWACO. During the cleaning, plaintiff was assisting in filling a tank with calcium bromide when the hose popped out of the tank spraying him with calcium bromide. As a result of being sprayed with the chemical, plaintiff jumped off of the tank and allegedly sustained an injury to his foot for which he later under went surgery.

In his motion for summary judgment, plaintiff moves the Court to grant his motion for summary judgment as to liability based on defendant's failure to timely respond or object to the Plaintiff's Request for Admissions. Plaintiff's motion

contains a Request For Admissions Of Fact consisting of thirty-one requests for admission which was served on M-I SWACO on or about May 23, 2005. *Exh. B, Plaintiff's 1st Request For Adm. of Fact; Exh. D.* Plaintiff contends that because the admissions are deemed admitted as a matter of law pursuant Rule 56(e) of the Federal Rules of Civil Procedure, there are no genuine issues of material fact as to defendant's liability. Also contained within the motion is plaintiff's own affidavit in which he verifies the contents of his Complaint. *Aff. of Jamerson James Williams, Sr.*

In its opposition to the motion for summary judgment, SWACO represents that it did in fact respond to Plaintiff's Request for Admissions within the thirty day time period as contemplated by Rule 36 of the Federal Rules of Civil Procedure. The record contains the affidavit of counsel for SWACO, Tobin J. Eason, in which Attorney Eason attests that he prepared the answers to Plaintiff's Request for Admissions and mailed them via U.S. Mail, postage prepaid, to plaintiff's counsel as indicated in a transmittal letter dated June 2, 2005. *Aff. of Eason.* SWACO further argues that there is a genuine issue of material fact as to the contributory negligence of the plaintiff, and therefore, summary judgment is not appropriate under the circumstances. In particular, SWACO contends that plaintiff was not wearing his safety gear at the time of the accident. In that regard, SWACO cites the affidavit of Randy Camardelle, the pumper working for M-I SWACO at the time of plaintiff's

2

accident. Camardelle states that when he found plaintiff after the alleged incident plaintiff was not wearing the top half of his protection suit nor was his face safety shield covering his face. *Aff. of Camardelle.*

The parties have each submitted different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment. A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). Accordingly,

IT IS ORDERED that the motion for summary judgment filed by plaintiff, Jamerson Williams [Rec. Doc. 7], is DENIED.

Thus done and signed this 19th day of December, 2005 at Lafayette, Louisiana.

Tucker L. Melançon
United States District Judge

COPY SENT
DATE 12/19/05
BY
TO