**RECEIVED**

SEP - 8 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

JAMERSON WILLIAMS                     CIVIL ACTION NO. 05-0404

VS.                                              JUDGE MELANÇON

M-I, LLC                                     MAGISTRATE JUDGE METHVIN

## RULING ON MOTION FOR AWARD OF EXPERT WITNESS FEES
### *(Rec. Doc. 30)*

Before the court is a Motion for Award of Expert Witness Fees filed by Stanford H.

McNabb ("McNabb") on August 15, 2006. McNabb is a vocational rehabilitation counselor who

was retained by defendant in the above-captioned matter and was deposed by plaintiff on

August 8, 2006. McNabb seeks payment of $1,200.00 (two hours at the rate of $600.00)[1] as his

expert fee for the deposition, as well as $900.00 (4.5 hours at the rate of $200.00) in attorney fees

incurred in bringing the instant motion. Plaintiff filed an opposition.[2]

*Expert fees*

Federal R. Civ. Proc. Rule 26(b)(4)(C)(i) provides that the party seeking discovery from

an expert must "pay the expert a reasonable fee for time spent in responding to discovery."

"Although there is a paucity of decisions in the area of what constitutes a "reasonable" fee for an

expert, those cases which have addressed the issue have set forth seven factors to be considered

in determining whether or not a fee is reasonable: (1) the witness's area of expertise; (2) the

education and training that is required to provide the expert insight which is sought; (3) the

prevailing rates of other comparably respected available experts; (4) the nature, quality and

---

[1] Rec. Doc. 30-3.

[2] Rec. Doc. 32 and 35.

complexity of the discovery responses provided; (5) the fee actually being charged to the party

who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7)

any other factor likely to be of assistance to the court in balancing the interests implicated by

Rule 26." U.S. Energy Corp. v. NUKEM, Inc., 163 F.R.D. 344, *345 -346 (D.Colo.,1995) *citing*

Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 495 (S.D.Iowa 1992), Hose v. Chicago and North

Western Transp. Co., 154 F.R.D. 222 (S.D.Iowa 1994), and Goldwater v. Postmaster General of

the United States, 136 F.R.D. 337 (D.Conn.1991).

McNabb argues that his rate of $600.00 hour is reasonable because it is in line with the

rates charged by other vocational experts in this area:

> Undersigned counsel has taken a survey of experts and has determined that the
> Plaintiff's own expert in this case, Glenn Hebert, charges $650.00 per hour for
> depositions and John Grimes, another frequently used expert in this area charges
> $550.00 per hour for depositions.[3]

Plaintiff disputes that Glenn Hebert charges $650.00 and that John Grimes charges

$550.00. Plaintiff maintains that these are not the experts' hourly fees, but rather their fees for

the entirety of the deposition, and their hourly fees are more likely $200.00. Moreover, plaintiff

notes that McNabb testified that his hourly rate for insurance companies is $79.00 and for clients

such as the defendant in the instant case his rate is $100.00 per hour.[4] Plaintiff maintains,

therefore, that "a fair fee in this case for his deposition testimony is $200.00"[5]

Considering the dispute over the prevailing rates of local vocational experts, the

undersigned's law clerk contacted the offices of Mr. Hebert and Dr. Grimes. Mr. Hebert charges

---

[3] Rec. Doc. 30-2, plaintiff 2 unnumbered.

[4] Rec. Doc. 32 and Rec. Doc. 35.

[5] Rec. Doc. 32 at p. 3.

$650.00 for the first hour of a deposition and $175.00 for every hour thereafter. Dr. Grimes

charges $500-550.00 for the first hour and $150.00 for every hour after.

Accordingly, the application of the factors outlined above is as follows: 1) the witness's

area of expertise – McNabb is a licensed vocational rehabilitation counselor; (2) the education

and training that is required to provide the expert insight which is sought – no information was

provided concerning this factor, however, it is noted that the field of vocational rehabilitation is a

recognized specialty area; (3) the prevailing rates of other comparably respected available experts

– $500-650.00 for the first hour and $150-$175.00 thereafter; (4) the nature, quality and

complexity of the discovery responses provided – two hours of deposition testimony; (5) the fee

actually being charged to the party who retained the expert – $100.00 per hour; (6) fees

traditionally charged by the expert on related matters – $79-100.00 per hour. Considering the

foregoing, the undersigned concludes that a reasonable fee for McNabb's deposition testimony in

this case is $735.00 ($575.00 for the first hour and $160.00 for the second hour).

### Attorney's fees

Fed. R. Civ. P. 37 provides for the imposition of an award of attorney's fees and costs

when a motion to compel is granted "unless the court finds that the motion was filed without the

movant's first making a good faith effort to obtain the disclosure or discovery without court

action, or that the opposing party's nondisclosure, response, or objection was substantially

justified, or that other circumstances make an award of expenses unjust." Although Rule 37 does

not specifically address the issue of Rule 26(b)(4)(C), the undersigned concludes that Rule 37(a)

provides authority for the imposition of sanctions for such a violation. *See* New York v. Solvent

Chemical Co., Inc., 210 F.R.D. 462, *474 -475 (W.D.N.Y.,2002). Here, however, the

undersigned concludes that an award of attorney's fees in not appropriate because counsel for

McNabb did not attempt to resolve the dispute with plaintiff's counsel prior to filing the motion,

and because the undersigned reduced the fees sought by McNabb, thereby justifying plaintiff's

counsel's objection to paying the fees requested by McNabb. The undersigned concludes,

therefore, that McNabb is not entitled to an award of attorney's fees and costs.

Considering the foregoing,

**IT IS HEREBY ORDERED** that McNabb's Motion for Award of Expert Witness Fees

is **GRANTED** subject to the modifications set forth above.

**IT IS FURTHER ORDERED** that plaintiff shall forward payment to McNabb the sum

of $735.00 within thirty (30) days following receipt of this order.

**IT IS FURTHER ORDERED** that the request for attorney's fees is **DENIED**.

Signed at Lafayette, Louisiana on _September 9_, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140     FAX 593-5155

COPY SENT:
DATE: 9-8-06
BY: gfl
TO: C. WON